IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

EDUADO S. COUNTESS          :

v.                          :   CIVIL NO. CCB-09-2558
                            :   Criminal No. CCB-04-0232
UNITED STATES OF AMERICA    :

...o0o...

**MEMORANDUM**

Eduado S. Countess was convicted after jury trial of all six counts in a superseding indictment charging conspiracy to distribute marijuana (One); conspiracy to use, and use of, an interstate commerce facility in the commission of a murder-for-hire (Two and Three); conspiracy to possess, and possession of, a firearm in furtherance of a drug trafficking crime and a crime of violence resulting in death (Four, Five, and Six).  On October 27, 2006, he was sentenced to four concurrent life sentences on Counts One, Two, Three, and Six; a concurrent 240 month term on Count Four; and a consecutive 120 month term on Count Five.  His conviction was affirmed by the Fourth Circuit, *see U.S. v. Countess*, 282 Fed. Appx. 244 (4th Cir. June 10, 2008).  This § 2255 motion followed.

Countess first appears to challenge his exclusion from the courtroom, which resulted, after warnings, from his disruptive behavior and stated unwillingness to participate in the proceedings because of his belief that the court had no jurisdiction over him.  His co-defendant Solothal Thomas raised the same issue on direct appeal, and the Fourth Circuit found it meritless.  282 Fed. Appx. 244.  The record reflects that Countess was properly warned and waived his right to be present.  See Fed.R.Crim.P. 43(c).

Countess also alleges that the government relied on "purchased" testimony of Tyree

Stewart, a cooperator, who allegedly had some clandestine relationship with a government agent which Countess's counsel was ineffective for not uncovering. According to Countess: "McCarthy [counsel] allowed his client [Countess] to be framed by Hester [the government agent] and Stewart." (ECF No. 285, Motion at 20). There is no evidentiary support for these charges. Stewart was a cooperating witness who was vigorously cross-examined at trial. Several other cooperating witnesses also testified against Countess. The evidence was quite strong, even without Stewart, and in any event there was no basis for counsel to exclude Stewart nor any due process violation by the government in presenting his testimony. Accordingly, the motion to vacate will be denied by separate order. Further, no certificate of appealability is warranted under 28 U.S.C. 2253(c).[1]

| August 23, 2012 | /s/ |
|---|---|
| Date | Catherine C. Blake |
| | United States District Judge |

---

[1] Of course, Countess is free to seek a certificate of appealability from the Fourth Circuit.